UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| N & K, INCORPORATED | CIVIL ACTION |
| VERSUS | NO. 06-10844 |
| STEIGHNER CRANE SERVICE, INC., ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on second motion for summary judgment filed by Steighner Crane Service, Inc. ("Steighner"). (Rec. Doc. 64). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

The plaintiff, N&K Incorporated ("N&K") filed this suit in state court seeking damages to concrete located on its property allegedly caused when Steighner operated its crane on plaintiff's property without permission. The damage was discovered by the plaintiff in January 2006. In this motion, Steighner argues that it is entitled to "governmental immunity" for any damage because it was involved in clean up activities related to Hurricanes Katrina and Rita. It is undisputed that Steighner had entered into a contract with DonJon Marine Co., Inc. ("DonJon") dated November 2,

2005 and that its crane was on plaintiff's property with regard to the performance of work under that contract.

Steighner argues that DonJon was a contractor with the federal government, that Steighner was acting within the scope of its contract with DonJon at all relevant times and that, because Steighner "was acting under the authority and funding of the federal government," it is entitled to immunity. It claims immunity under 44 U.S.C. § 206.9[1] and 42 U.S.C. § 5148[2] because it is an "independent establishment" that qualifies as a "federal agency" under 42 U.S.C. § 5122(7).[3] Steighner also claims that it has

---

[1] Section 206.9 provides:
   The Federal Government shall not be liable for any claim based upon the exercise or performance of, or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of the Stafford Act.

[2] Section 5148 provides:
   The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

[3] Section 5122(8)(formerly Section 5122(7)) provides the following definitions:
   "Federal agency" means any department, independent establishment, Government corporation, or other agency of the executive branch of the Federal Government, including the United States Postal Service, but shall not include the American National Red Cross.

The plaintiff incorrectly placed a comma after the word "Government" in the second line of the provision cited above.

derivative federal immunity under *Boyle v. United Techs Corp.*, 487 U.S. 500 (1988) for "actions taken in the aftermath of the hurricane to the extent that such actions were controlled by and undertaken pursuant to the direction of federal agencies, namely the United States Navy and Coast Guard, even if that direction was channeled through DonJohn (sic)." (Rec. Doc. 64, p. 10). Steighner claims that it never exceeded the authority granted to it by DonJon and that the indemnification clause of the contract between DonJon and Steighner provided "the government would indemnify and defend DonJohn (sic) for any suit filed against DonJohn's(sic) subcontractors."[4] (Rec. Doc. 64, p. 14). Steighner also argues that "the immunity Act" provides immunity only for discretionary functions and, finally, that Louisiana law also provides for limited immunity to Steighner as a private contractor working on disaster relief after Hurricanes Katrina and Rita at La. Rev. Stat. 9:2800.17(A)(1).[5]

---

[4]   The cited clause reads as follows:
   In the event an action is instituted against Donjon and/or its subcontractors (other than Contractor) arising out of this Agreement and attributable to Contractor's negligence, Contractor agrees to take up the defense and pay any judgment recovered including costs and the payment of a reasonable attorney's fees.
(Rec. Doc. 64, Exh. B, ¶5(B.) The "Contractor" is identified in the contract as Steighner, and the government is not a signatory to the contract. The Court rejects this argument without discussion.

[5]   Section 2800.17(A)(1) provided at the relevant time:
   The state, or any political subdivision thereof, or any public entity, meaning and including the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials,

The plaintiff opposes the motion on many fronts. It challenges the defendant's sole proof as to the existence of a federal contract between DonJon and any federal entity, which takes the form of deposition testimony from Timothy Williamson ("Williamson"). (Rec. Doc. 64, Exh. C)(erroneously entitled as the deposition of Kelly Ly). Specifically, the plaintiff argues that the relevant testimony was hearsay. The plaintiff also argues that none of the statutes or caselaw cited by Steighner transform Steighner into a federal or state actor entitled to governmental immunity.

The defendant has not produced copies of any contract between DonJon and any federal entity entitled to immunity.[6] The Court finds that the testimony of Williamson pertaining to the existence of such contracts is hearsay and, in any event, insufficiently reliable to sustain summary judgment on the issue. The Court's reading of Williamson's deposition indicates that Williamson was an independent contractor

---

employees, and their agents, employees, contractors, volunteers, or representatives engaged in any operational decisions or activities in the aftermath of Hurricane Katrina and Rita shall not be civilly liable for the death of, or any injury to, any person or damage to property as a result of such activity, except in the event of gross negligence or willful misconduct.

Apparently, Steighner argues that it is entitled to this immunity because it "was retained by DonJohn (sic) pursuant to a governmental contract." (Rec. Doc. 64, p. 20-21). The Court rejects this argument without discussion.

[6] Similarly, the argument that DonJon's own references to its contract with a government entity contained in its contract with Steighner is insufficient to establish the existence of that contract with a non-party for purposes of summary judgment.

working for DonJon beginning in late October or early November of 2005 and was, at the time of the deposition in March 2008, a project manager for DonJon. (Rec. Doc. 64, Exh. C, pp. 16-17). He testified that he was familiar with the contract between DonJon and the Navy, but was unaware of how much of the contract was allegedly subcontracted to Steighner. (Rec. Doc. 64, Exh. C, p. 19). Williamson did not review any of the subject contracts but was familiar "[b]ecause that was the process that we had to go through via what was told me, Donjon reporting to the Navy which I witnessed firsthand, the Navy reporting to the Coast Guard which I witnessed firsthand and FEMA personnel at the headquarters in New Orleans" and that he knew that FEMA was writing the checks "[b]ecause I was told that we could not proceed on anybody's vessel until all the Coast Guard finished all the paperwork because of FEMA requirements." (Rec. Doc. 64, Exh. C, pp. 28-29). He admitted that his testimony was based upon what he was told. Id. Williamson also testified both that he talked to the property owner to receive permission to go on to its property, and that he was not aware of permission granted by N&K because "That wasn't my purview." (Rec. Doc. 64, Exh. C, p. 25).

 Even if Williamson's testimony was admissible or reliable, Steighner's claim of immunity fails. With regard to Stafford Act immunity, the Court rejects the argument

that Section 5122(8) serves to confer "federal agency" status on private corporation such as Steighner, which has no direct affiliation with the executive branch of the federal government.

> Nothing in the plain language of the Stafford Act provides that immunity should be extended to non-federal actors.  The mere fact that non-federal actors may participate in response and recovery efforts does not in and of itself require that immunity be extended to actors not included in the statutory provision of immunity. ... That the Stafford Act's immunity provision should not be judicially rewritten is further underscored by the doctrine of derivative federal immunity otherwise available ... "

*In re World Trade Center Disaster Site Litigation*, 456 F.Supp.2d 520, 566-567 (S.D.N.Y. 2006).

In addition, the Court finds that Steighner can not avail itself of the derivative federal immunity set forth in *Boyle, supra,* and its progeny.[7] "The primary purpose behind this formulation of the defense is to prevent the contractor from being held liable when the government is actually at fault but is protected ..." *Trevino v. General Dynamics Corp.*, 865 F.3d 1474, 1478 (5th Cir. 1989).  A private actor who acts in compliance with "reasonably precise specifications" established by the federal agency and under the federal agency's supervision and control is entitled to derivative immunity.  *In re World Trade Center*, 456 F.Supp.2d at 566, citing *Boyle,* 487 U.S. at 512.

---

[7] The Court notes that recognition of contractor derivative immunity has largely been limited to claims involving product liability design defect.

"But immunity is not extended where the private actor acts independently, or outside of, or in addition to, the government's specifications and control. *Id.* Here, Steighner's proof falls far short of the necessary showing of agency specifications, supervision and control required for entitlement to derivative immunity.

Finally, the fact that Steighner believed that payment involved FEMA is insufficient to sustain summary judgment on the issue of immunity. "Such promise of payment, however, does not operate to suspend ordinary rules of rights and obligations running between a tortfeasor and his alleged victim ... That defendant[] may ultimately seek indemnification from the federal government on the basis of FEMA's alleged obligation to pay 100 percent of costs is irrelevant to this larger question {of immunity]." *In re World Trade Center*, 456 F.Supp.2d at 567.

Accordingly,

IT IS ORDERED that second motion for summary judgment filed by Steighner Crane Service, Inc. is DENIED. (Rec. Doc. 64).

New Orleans, Louisiana, this 17th day of September, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE